

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 21 2003

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONDHER SMIDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-02CV2675-M |
| | § | |
| CIRCUIT CITY STORES, INC., and | § | |
| CARMAX AUTO SUPERSTORES, INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT CARMAX AUTO SUPERSTORES, INC.'S MOTION TO COMPEL ARBITRATION AND FOR DISMISSAL AND BRIEF

I.

### INTRODUCTION

Defendant CarMax Auto Superstores, Inc. ("CarMax") moves this court for an order compelling a contractually required arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), and the Uniform Arbitration Act of Virginia, Va. Code Ann. § 8.01-581.01, *et seq.* ("VAA"). Arbitration is required because Plaintiff Mondher Smida ("Smida") is a party to a binding contractual commitment with CarMax by which the parties have agreed to arbitrate this dispute. CarMax also moves this Court for an order dismissing Plaintiff's Original Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. CarMax has filed an Appendix concurrently with the filing of this Motion.

II.

BACKGROUND

A.      Factual Background

1.      CarMax is a specialty retailer of used cars and operates a used car superstore near Texas Stadium in Irving, Texas.  CarMax has in place a nationwide program for resolving employment-related legal disputes with applicants, employees, and former employees, and information concerning the program is distributed to all applicants for employment.  A copy of the Applicant Packet presented to all potential employees is Exhibit 1 to CarMax's Appendix to Its Motion to Compel Arbitration and for Dismissal ("Appendix").  Its Dispute Resolution Rules and Procedures are included in the Applicant Packet.

2.      On or about March 3, 2000, Smida applied for employment at CarMax.  As part of the application packet, Smida was presented a document entitled CarMax Dispute Resolution Agreement ("Agreement").  The Agreement sets forth the following provisions:

- "I recognize that differences possibly may arise between CarMax, a Circuit City Company, and me during my application or employment with CarMax.... I recognize that it is in the interest of both CarMax and me that disputes be resolved in a manner that is fair, private, expeditious, economical, final and less burdensome or adversarial than court litigation...."

- "... Both CarMax and I agree to settle any and all previously unasserted claims, disputes or controversies arising out or relating to my application or candidacy for employment, employment and/or cessation of employment with CarMax exclusively by final and binding arbitration before a neutral Arbitrator. By way of example only, such claims include claims under federal state and local statutory or common law, such as ... Title VII of the Civil Rights Act of 1964, as amended.... I understand that if I do file a lawsuit regarding a dispute arising out of or relating to my application or candidacy for employment, employment or cessation of employment, CarMax may use this Agreement in support of its request to the court to dismiss the lawsuit and require me instead to use arbitration."

- "The Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures affect your legal rights. Before signing this Agreement, you acknowledge

**DEFENDANT CARMAX AUTO SUPERSTORES, INC.'S MOTION**
**TO COMPEL ARBITRATION AND FOR DISMISSAL AND BRIEF** - Page 2

receipt of the Dispute Resolution Rules and Procedures. You may wish to seek legal advice before signing this Dispute Resolution Agreement."

- "This Agreement will be enforceable throughout the application process, my employment, and thereafter with respect to any such claims arising from or relating to my application or candidacy for employment, employment or cessation of employment with CarMax. We then must arbitrate all such employment-related claims and we may not file a lawsuit in court."

3.      Under the heading "AGREED:", Smida signed the document, provided his Social Security number, and wrote the date of March 3, 2000.[1] A representative of CarMax also signed the Agreement. Smida submitted his Application to CarMax. A copy of his Employment Application and the signed Agreement are Appendix Exhibit 2.

4.      Smida, like all prospective applicants, had a choice whether to enter into the Agreement and had a subsequent opportunity to withdraw from the Agreement. Applicants are advised at the top of page three of the Agreement that they may withdraw their consent to the Agreement within three days of the date of their signature by notifying the Applicant Screening Department. Smida did not withdraw his consent to the Agreement.

5.      Smida received a copy of CarMax's Dispute Resolution Rules and Procedures ("Rules") at the time of his application as part of the Application Packet. The Rules describe in detail the arbitration program and the scope of disputes subject to arbitration. The Rules contain the following provisions:

- Rule 2 - CLAIMS SUBJECT TO ARBITRATION. Except as otherwise limited herein, any and all employment-related legal disputes, controversies or claims arising out of, or relating to, an Associate's application or candidacy for employment, employment or cessation of employment with CarMax or one of its affiliates shall be settled exclusively by final and binding arbitration before a neutral, third-party

---

[1]  During a January 13, 2003 telephone conference concerning submission of this matter to arbitration, Plaintiff's counsel agreed that it was Smida's signature on the Agreement and stated that Smida did not dispute that he had signed the Agreement.

**DEFENDANT CARMAX AUTO SUPERSTORES, INC.'S MOTION**
**TO COMPEL ARBITRATION AND FOR DISMISSAL AND BRIEF** - Page 3

Arbitrator selected in accordance with these Dispute Resolution Rules and Procedures."[2]

"All previously unasserted claims arising under federal, state or local statutory or common law shall be subject to arbitration. Merely by way of example, these claims include, but are not limited to, claims arising under the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, ... state discrimination statutes, state statutes and/or common law regulating employment termination, [and] the law of contracts or the law of torts...."

- "Rule 3 - DISMISSAL/STAY OF COURT PROCEEDINGS. By agreeing to the Dispute Resolution Program, an Associate agrees to resolve through arbitration all claims described in or contemplated by Rule 2. If an Associate files a lawsuit in court to resolve claims subject to arbitration, the Associate agrees that the court shall dismiss the lawsuit and require the Associate to arbitration the dispute."

- "Rule 16 - ENFORCEABILITY. The Dispute Resolution Agreement and any award rendered pursuant to it shall be enforceable and subject to the Federal Arbitration Act ... and the Uniform Arbitration Act of Virginia ... regardless of the State in which the arbitration is held or the substantive law applied in the arbitration."

6.      CarMax hired Smida as a Sales Manager in March 2000. Compl., ¶3.3. CarMax terminated his employment in April 2002 due to his violations of company policy following a sexual relationship with a subordinate employee and his attempts to force that employee to resign her employment.

B.      Procedural Background

1.      On December 13, 2002, Smida filed Plaintiff's Original Complaint alleging that he was a victim of discrimination and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and the Texas Commission on Human Rights Act. As requested by Smida, CarMax waived service of summons.

2.      By its January 2, 2003 correspondence, CarMax provided Smida with a copy of the Agreement that he had signed and a copy of the Dispute Resolution Rules and Procedures. CarMax

---

[2] Throughout the Rules, the term "Associate" is used to refer to employees, former employees, and applicants for employment. Rule 1.

**DEFENDANT CARMAX AUTO SUPERSTORES, INC.'S MOTION**
**TO COMPEL ARBITRATION AND FOR DISMISSAL AND BRIEF** - Page 4

demanded that Smida submit this matter to arbitration in accordance with the Agreement and dismiss the pending civil action. A copy of the correspondence is Exhibit 3 to the Appendix.

3.      On January 22, 2003, Smida forwarded a correspondence to CarMax refusing the demand to dismiss the case and submit it to arbitration. Smida did not provide any explanation for the refusal to arbitrate. A copy of that correspondence is Exhibit 4 to the Appendix.

III.

ARGUMENT

A.      Enforceability of the Agreements

CarMax moves the Court to order Smida to arbitration pursuant to the provisions of the Federal Arbitration Act, 9, U.S.C. §§ 1-15. FAA was enacted in 1925 with the purpose of reversing the longstanding judicial hostility to arbitration agreements and of placing arbitration agreements on the same footing as other contracts. *Gilmer v. Interstate Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). FAA's primary substantive provision states that "[a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In *Gilmer,* the Court confirmed the enforceability of arbitration agreements between an employer and its employees, even as to statutory discrimination claims.

> [B]y agreeing to arbitrate a statutory claim, a party does not forego the substantive
> rights afforded by the statute; it only submits to their resolution in an arbitral, rather
> than judicial, forum.

*Id.* at 26 *(quoting* other cases). It is now well-settled that statutory discrimination claims between employers and employees are enforceable pursuant to FAA. *Id.*; *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001).

**DEFENDANT CARMAX AUTO SUPERSTORES, INC.'S MOTION**
**TO COMPEL ARBITRATION AND FOR DISMISSAL AND BRIEF** - Page 5

Alternatively, CarMax moves the Court to order arbitration pursuant to the Uniform Arbitration Act of Virginia, as agreed by the parties in Rule 16. The VAA provides as follows:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, except upon such grounds as exist at law or in equity for the revocation of any contract. This article also applies to arbitration agreements between employers and employees or between their respective representatives unless otherwise provided in the agreement....

Va. Code Ann. § 8.01 -581.01 (2002). Like its federal counterpart, VAA reflects a strong public policy in favor of arbitration. *See TM Delmarva Power, LLC v. NCP of Virginia, LLC,* 263 Va. 116, 122, 557 S.E.2d 199, 202 (Va. 2002) ("the public policy of Virginia favors arbitration").

Texas law respects the autonomy of the parties in choosing to apply Virginia law, and Texas will honor the parties' choice "unless the chosen law has no relation to the parties or the agreement, or their choice would offend the public policy of [Texas]." *Russ Berrie and Co. v. Gantt,* 998 S.W.2d 713, 717 (Tex. App.–El Paso 1999, no writ). In this case, the application of Virginia law is appropriate because CarMax is a Virginia corporation, *see* Compl. §1.3, and the enforcement of arbitration agreements is consistent with the public policy of Texas. *See, e.g., ASW Allstate Painting and Constr. Co. v. Lexington Ins. Co.,* 188 F.3d 307, 310 (5th Cir. 1999) ("[t]here is a strong presumption in Texas public policy favoring arbitration").

In determining whether this matter is subject to arbitration, the Court makes two inquiries. "First, the Court asks whether there is a valid agreement to arbitrate; if so, the Court then asks whether the issue in question is covered by the valid agreement." *Quinn v. EMC Corp.,* 109 F.Supp.2d 681, 683 (S.D. Tex. 2000).

C.    <u>Smida and CarMax Entered Into a Valid Agreement to Arbitrate All Disputes</u>

**DEFENDANT CARMAX AUTO SUPERSTORES, INC.'S MOTION**
**TO COMPEL ARBITRATION AND FOR DISMISSAL AND BRIEF** - Page 6

There exists between Smida and CarMax a valid agreement to arbitrate as evidenced by Smida's signature and by his continued employment after receiving the Rules. Smida signed the Agreement on March 3, 2000. Smida's signature under the word "AGREED" leaves no room for doubt concerning the existence of his agreement to its provisions.

In addition, Smida agreed to arbitrate by accepting and continuing his employment after clear notice that the arbitration program was a term and condition of his employment. As a matter of Texas law, Smida has accepted and agreed to the arbitration policy. *See Jones v. Fujitsu Network Comm.,* Inc., 81 F.Supp.2d 688, 692 (N.D. Tex. 1999); *Circuit City Stores, Inc. v. Curry,* 946 S.W.2d 486 (Tex. App.–Fort Worth 1997, no writ).

D.      Smida's Claims Are Subject to and Within the Scope of the Arbitration Agreement

Smida alleges in his Original Complaint that he is a victim of unlawful harassment and discrimination pursuant to federal and state statutes. It is well established that his statutory discrimination claims fall within the scope of the type of arbitration provision contained in the Agreement and the Rules. *See, e.g., Mouton v. Metropolitan Life Ins. Co.,* 147 F.3d 453 (5th Cir. 1998) (ordering submission of Title VII claims to arbitration). In *Etokie v. CarMax Auto Superstores, Inc.,* 133 F.Supp.2d 390 (2000), the United States District Court in Maryland enforced a similar Agreement between CarMax and an employee and ordered the parties to arbitration. The *Etokie* court upheld the provisions of the Rules that CarMax asks this Court to enforce.[3]

Because CarMax has established that there is a valid agreement to arbitrate between the parties and that the claims alleged in this civil action are within the scope of the Agreement, the Court must order the parties to arbitration.

---

[3]  The *Etokie* court found the damages provisions in the 1997 version of the Rules to be unenforceable and severed those provisions before compelling arbitration. The 2002 version of the Rules will govern this dispute, *see* Rule 19, and the damages provisions discussed in *Etokie* are not a part of the 2002 Rules.

**DEFENDANT CARMAX AUTO SUPERSTORES, INC.'S MOTION**
**TO COMPEL ARBITRATION AND FOR DISMISSAL AND BRIEF** - Page 7

E.      Dismissal Is the Appropriate Remedy

CarMax further prays that this Court will order the parties to arbitration and will dismiss the instant civil action with prejudice, as intended by the parties pursuant to Rule 3 and the Agreement. A court may dismiss a lawsuit when it determines that all of the issues involved in that lawsuit are subject to arbitration. *See Alford v. Dean Witter Reynolds. Inc.*, 975 F.2d 1161, 1165 (5th Cir. 1992) ("the weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration"); *Jones*, 81 F.Supp.2d at 693 (dismissing complaint with prejudice); *Carter v. Countrywide Credit Indus., Inc.*, 189 F.Supp.2d 606, 621 (N.D. Tex. 2002) (dismissing action in regard to named plaintiffs who were being ordered to arbitration).

IV.

CONCLUSION

For the foregoing reasons, CarMax respectfully requests that this Court enter an order compelling arbitration of this dispute in accordance with the terms of the Agreement and Rules. CarMax also requests dismissal of this action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the grounds that the issues involved in this lawsuit are subject to final and binding arbitration.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

_____
John G. Harrison
Texas Bar No. 09115990
700 Preston Commons
8117 Preston Road
Dallas, Texas 75225
(214) 987-3800
(214) 987-3927 (Fax)

ATTORNEY FOR DEFENDANT
CARMAX AUTO SUPERSTORES, INC.

## CERTIFICATE OF CONFERENCE

This is to certify that undersigned counsel has conferred with counsel for Plaintiff concerning the demand for submission of this matter to arbitration, and that Plaintiff has refused arbitration as set forth in the January 22, 2003 correspondence that is Exhibit 4 to the Appendix.

_____

**DEFENDANT CARMAX AUTO SUPERSTORES, INC.'S MOTION
TO COMPEL ARBITRATION AND FOR DISMISSAL AND BRIEF** - Page 9

## CERTIFICATE OF SERVICE

This is to certify that on this _2/st_ day of February, 2003, a true and correct copy of the above and foregoing Defendant CarMax Auto Superstores, Inc.'s Motion to Compel Arbitration and Brief was forwarded via certified mail, return receipt requested, to Edward J. Drake, III, Esq., Edward J. Drake, III, P.C., 5925 Forest Lane, Suite 110, Dallas, Texas 75230.

_John D. Hamison_

**DEFENDANT CARMAX AUTO SUPERSTORES, INC.'S MOTION
TO COMPEL ARBITRATION AND FOR DISMISSAL AND BRIEF** - Page 10